IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| BRIAN WALTER WEBER, | Cause No. CV 06-43-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MISSOULA COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

On November 2, 2006, Plaintiff Brian Walter Weber was permitted to file an Amended Complaint on or before December 4, 2006. Weber was advised that failure to respond to the Order may result in dismissal of his case for failure to state a claim. Weber failed to respond to the Order.

On January 8, 2007, the Court issued an order to show cause why this case should not be dismissed with prejudice because his failure to respond to the Order of November 2, 2006, seemed to indicate that he did not intend to pursue this action. Weber also failed to respond to that Order.

In considering dismissal under Fed. R. Civ. P. 41(b),[1] a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives;

---

[1] The Court may dismiss a case on its own motion without awaiting a defense motion. See, e.g., Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Weber filed an action and now has simply abandoned it. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not move forward with the cases they choose to file disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do wish to go forward. This factor weighs in favor of dismissal with prejudice.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Weber filed this action on March 20, 2006. Because he moved to proceed in forma pauperis and the Court is required to prescreen prisoner complaints before effecting service, the Defendants do not even know at this point that a case has been opened. Consequently, they are not aware of any need to discover or maintain evidence in their defense. This factor weighs in favor of dismissal.

### 4. Alternatives

The alternative, of course, is to dismissal without prejudice. However, such a dismissal would allow Weber to refile, thus again taking up the Court's time and resources in prescreening the Complaint. The Court understands its obligations to *pro se* litigants and endeavored to fulfill them in this case. *See* Order (doc. 9) at 2-8. Weber did not respond to that Order. Dismissal with prejudice is appropriate.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

### 6. Conclusion

While the policy in favor of disposition on the merits weighs against dismissal with prejudice under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, the risk of prejudice to the Defendants, and the lack of meaningful alternatives weigh in favor of dismissal. This case should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Weber's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty

(20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this _31st_ day of January, 2007.

                                                         /s/ Jeremiah C. Lynch
                                                         Jeremiah C. Lynch
                                                         United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4