FILED
MISSOULA, MT

2007 FEB 27  PM 4 37

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRIAN WALTER WEBER, | ) | CV 06-43-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MISSOULA COUNTY SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Weber filed this action pursuant to 42 U.S.C. §
1983 in March of 2006.  On November 2, 2006, United States
Magistrate Judge Jeremiah C. Lynch found on prescreening that
Weber's Complaint failed to state a claim.  Judge Lynch permitted
Weber to attempt to cure the defect by filing an Amended
Complaint on or before December 4, 2006.  Weber did not file an
Amended Complaint, prompting Judge Lynch to order Weber to show

-1-

cause why the case should not be dismissed for failure to respond to the November 2, 2006 Order. Weber has not responded to the order to show cause.

Judge Lynch entered Findings and Recommendations on January 31, 2007, in which he recommends dismissal of the Complaint for failure to prosecute under Fed. R. Civ. P. 41(b). Weber did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Lynch recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed with prejudice for failure to prosecute under Fed. R.

Civ. P. 41(b).

DATED this 27 day of February, 2007.

Donald W. Molloy, Chief Judge
United States District Court